## STATE, Respondent, v. POPE, Appellant.

### (178 N. W. 949.)

(File No. 4708.   Opinion filed August 25, 1920.)

**Criminal Law—False Pretenses—Information, Falsely Representing Lands as Unappropriated Re Federal Homestead Entry, Procuring Sale of "Purported" Relinquishment, Whether Repugnancy Vitiates Judgment—"Purported" as "Fictitious"—Statute.**

An information for obtaining property under false pretenses alleged, among other things, that defendant falsely represented and pretended to B. that certain lands were appropriated under a certain previous homestead entry; that defendant had the relinquishment to the lands previous to homestead entry, which could be purchased from him for a certain sum, that B, relying upon his statements, etc., agreed to and did purchase "the said purported relinquishment," paying the consideration therefor; that in fact the lands were not then appropriated under previous homestead or any other entry but were open government lands subject to entry by first qualified applicant.   **Held,** that the allegation that defendant sold said "purported" relinquishment, and that the land was not subject to entry, do not render the information repugnant and insufficient to support verdict or judgment, on motion in arrest; that "purported" relinquishment means "fictitious" relinquishment, or one having no existence; that the allegation is plain, and that no reasonable person could be misled thereby, nor did appellant pretend he was misled; the wording of the information in its usual acceptance in common language is sufficient to enable a person of common understanding to know what is intended (Rev. Code 1919, Secs. 4723, 4725.)

Whiting, J., not participating in the decision.

Appeal from Circuit Court, Pennington County.   HON. WALTER G. MISER, Judge.

The defendant, Calvin W. Pope, was convicted of the crime of obtaining property under false pretenses, and he appeals from the judgment, and from an order denying his motion in arrest of judgment.   Affirmed.

*H. G. Fuller,* for Appellant.

*Byron S. Payne,* Attorney General, for Respondent.

Appellant cited: Wharton's Crim. Pro. Vol. I., Sec. 305; State v. Judd, 120 S. W. 780.

Respondent cited: Secs. 4723-5, Rev. Code 1919; Wharton's

Criminal Law, Vol. II, page 1162; Subds. 2, 3, Sec. 4179, Sec. 4180, Subd. 2, Rev. Code 1919.

POLLEY, J. Appellant was convicted of the crime of obtaining property under false pretenses. A motion in arrest of judgment was denied, and from the order denying said motion he appeals to this court.

The motion in arrest of judgment is based on the ground that there is such a repugnancy in the information as to render it insufficient to support the verdict or the judgment. The portions of the information that are material on this review are as follows:

"That appellant on or about the 13th day of August, 1919, did then and there willfully, unlawfully, feloniously, and designedly, and with intent to cheat and defraud one Hortense Babbitt, falsely represent and pretend to the said Hortense Babbitt that certain lands * * * were appropriated under a certain previous homestead entry, that he, the said C. W. Pope, then and there had the relinquishment to the said previous homestead entry, and that the said relinquishment could be purchased from him, the said C. W. Pope, for a certain sum of money, to wit, the sum of $500; that the said Hortense Babbitt, * * * relying upon the statements and representations made by the said C. W. Pope, agreed to purchase and did purchase the said purported relinquishment from the said C. W. Pope," and in consideration therefor paid the said C. W. Pope the sum of $375; that the said lands were not then appropriated under any previous homestead entry or any other entry, but were then, and for more than a year prior thereto had been open government land and subject to entry by the first qualified applicant.

The allegations claimed by appellant to be repugnant are the allegation that appellant sold the said "purported" relinquishment to the complaining witness and the allegation that the land was subject to entry and that therefore there was not and could not be any relinquishment.

We do not believe the information is subject to this criticism. The information alleges in so many words that appellant represented that he had a certain relinquishment and tried to sell it to the prosecutrix; that no such relinquishment existed, but that nevertheless appellant sold such purported relinquishment to prosecutrix and received $375 therefor.

Purported relinquishment means fictitious relinquishment, or a relinquishment that has no existence in fact. The import of the language is plain, and no reasonable person could be misled by it, and appellant does not pretend that he was misled. Interpreting the wording of the information in its usual acceptation in common language, it is sufficient to enable a person of common understanding to know what is intended. This is sufficient to satisfy the statute. Sections 4723, 4725.

The judgment and order appealed from are affirmed.

Whiting J., did not participate in this decision.